﻿Citation Nr: AXXXXXXXX
Decision Date: 03/13/19 Archive Date: 03/13/19

DOCKET NO. 181218-1750
DATE: March 13, 2019

ORDER

Entitlement to an effective date earlier than June 14, 2013, for the grant of a total rating based on individual unemployability (TDIU) is remanded.

REASONS FOR REMAND

The Veteran served on active duty with the United States Marine Corps from September 1985 to September 2000 with the award of the Combat Action Ribbon (CAR).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

In June 2018, the Veteran’s representative selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Next, the Board notes that after the Veteran’s representative submitted the RAMP election form in June 2018, the appellant requested a personal hearing in December 2018. However, the Board finds that adjudication of this appeal may go forward without providing the appellant with a personal hearing because his RAMP election does not provide for a personal hearing; only an informal conference which was held in October 2018. 

As to the merits of the earlier effective date claim, the record generated prior to the October 2018 RAMP rating decision reveals that the Veteran may have been incarcerated during part of the time period that he may have otherwise met the regulatory criteria for a TDIU. See VA and SSA State Prisoner Computer Match dated in September 2011; VA Form 21-4193 dated in January 2012; RO letters to the Veteran’s place of incarceration dated in December 2011 and November 2013; but see VA Form 21-4192 received in February 2012; court order received in February 2012; also see 38 C.F.R. § 4.16. 

Tellingly, while veterans are not entitled to be paid at a TDIU rate while incarcerated, the record does not show that the agency of original jurisdiction (AOJ) verified this Veteran’s dates of incarceration before adjudicating his claim in the October 2018 RAMP rating decision. Therefore, to correct this “duty to assist error,” the Board finds that a remand is required for the AOJ to verify the Veteran’s dates of incarceration. Also see 38 C.F.R. § 19.9.

The appeal is REMANDED for the following action:

To correct this “duty to assist error,” verify all of the Veteran’s dates of incarceration and associate this information with the record.

(Continued on the next page)

 

If possible, the Veteran’s attorney should provide the Board with this information.

 

JOHN J CROWLEY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Neil T. Werner, Counsel